UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE NORTH RIVER INSURANCE COMPANY,<br><br>                      Plaintiff<br>v.<br><br>O&G INDUSTRIES, INC., and KEYSTONE CONSTRUCTION AND MAINTENANCE SERVICES, INC.,<br><br>                      Defendants. | Case 3:13-cv-00589-RNC<br><br>October 24, 2013 |

### DEFENDANT O&G INDUSTRIES, INC.'S
### REQUEST FOR PRE-FILING CONFERENCE

Pursuant to Your Honor's Pretrial Preferences relative to dispositive motions, defendant O&G Industries, Inc. ("O&G"), by and through its undersigned counsel, respectfully requests a pre-filing conference in connection with its Motion to Dismiss the claims asserted against it in the First Amended Complaint for Declaratory Judgment (the "Amended Complaint;" Dkt. No. 23) filed by North River Insurance Company ("North River").

On April 24, 2013, North River filed its initial Complaint (Dkt. No. 1) against O&G alleging a single cause of action – violation of Con. Gen. Stat. § 42-110b of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110a, *et seq.* ("CUTPA"). On September 23, 2013, O&G timely moved to dismiss North River's initial Complaint pursuant to Fed. R. Civ. P. 12(b) (Dkt. Nos. 15 and 16), and the Court waived the requirement of a pre-filing conference in its Order deciding O&G's Motion for an Extension of Time to Request a Pre-Filing Conference. Dkt. Nos. 14 and 17. O&G also

served North River with a sanctions motion pursuant to the safe harbor provision of Fed. R. Civ. P. 11(c)(2).

Rather than attempt to defend its initial Complaint, on October 15, 2013, North River filed the Amended Complaint, in which it adds a cause of action against O&G for tortious interference with contractual relations (Count Four) and attempts to replead its deficient CUTPA claim (Count Seven). The Amended Complaint includes a new, recasted recitation of events that materially changes North River's "story" regarding O&G's alleged wrongdoing, clearly demonstrating North River's desperate attempt to state an actionable claim against O&G. Yet, North River's Amended Complaint fails for many of the same reasons that doomed its initial Complaint.

North River's tortious interference claim fails to set forth a viable cause of action and dismissal is warranted pursuant to Fed. R. Civ. P. 12(b)(6) for a number of reasons. First, North River's theory of O&G's wrongdoing and intimidation is premised on the unfounded and wholly unsupportable assumption that Ace American Insurance Company, defendant Keystone's primary insurance company, did not independently decide to settle the O&G arbitration claims against Keystone, but rather wrongfully was forced or coerced to do so by O&G. Because this implausible assumption underlies the tortious interference claim, the Amended Complaint does not and cannot plead the element of interference. Second, the Amended Complaint is devoid of any plausible allegations of an improper motive, evidenced by malice without justification, or the use by O&G of improper means. Third, North River has not suffered any concrete and discernible loss and its allegations of harm are speculative, remote and contingent.

The Amended Complaint's repleaded CUTPA claim against O&G is predicated upon North River's tortious interference with contract claim. Thus, the CUTPA claim fails for the same reasons as the tortious interference claim. Additionally, the CUTPA claim in the Amended Complaint against O&G, as in North River's initial Complaint, is based on unsupported conclusory allegations and devoid of any factual support in contravention of the pleading requirements of Fed. R. Civ. P. 8(a), thereby warranting dismissal under Fed. R. Civ. P. 12(b)(6). Moreover, North River lacks standing to assert a violation of CUTPA against O&G because: (i) no business relationship exists between North River and O&G; and (ii) North River has suffered no harm and any potential harm it may suffer would be indirect and remote. As such, dismissal also is warranted pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

For the foregoing reasons, O&G requests that the Court schedule a pre-filing conference in advance of O&G's motion to dismiss North River's Amended Complaint. Alternatively, given the procedural history of this matter, O&G requests that the Court waive any requirement for a pre-filing conference.

[REMAINDER OF PAGE LEFT BLANK INTENTIONALLY]

O&G's response to North River's Amended Complaint currently is due on November 1, 2013.

>Respectfully submitted,
>
>ANDERSON KILL, P.C.
>
>By: /s/ Dennis J. Artese
>Finley Harckham
>(ct26403)
>Dennis J. Artese
>(ct28071)
>1251 Avenue of the Americas
>New York, New York 10020
>Tel.: (212) 278-1000
>fharckham@andersonkill.com
>dartese@andersonkill.com
>
>*Attorneys for Defendant*
>*O&G Industries, Inc.*

## CERTIFICATION

This is to certify that on the above date, a copy of the foregoing Defendant O&G Industries, Inc.'s Request for Pre-Filing Conference was filed electronically and served by mail to anyone unable to accept electronic filing. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Dennis J. Artese
Dennis J. Artese