UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE NORTH RIVER INSURANCE COMPANY,<br><br>       Plaintiff<br>v.<br><br>O&G INDUSTRIES, INC., and KEYSTONE CONSTRUCTION AND MAINTENANCE SERVICES, INC.,<br><br>       Defendants. | Case 3:13-cv-00589-RNC<br><br>October 24, 2013 |

### REQUEST FOR PRE-FILING CONFERENCE BY KEYSTONE CONSTRUCTION AND MAINTENANCE SERVICES, INC.

In accordance with the Pretrial Preferences specified by Your Honor in connection with the filing of dispositive motions, Keystone Construction and Maintenance Services, Inc., a defendant in the above-captioned action, hereby respectfully requests, by and through its undersigned counsel, the scheduling of a pre-filing conference in connection with a motion it seeks to file for dismissal of the claims asserted against it in the First Amended Complaint for Declaratory Judgment (the "Amended Complaint") filed by North River Insurance Company ("North River").

On April 24, 2013, North River filed its initial Complaint against Keystone. Keystone timely moved to dismiss North River's initial Complaint pursuant to Fed. R. Civ. P. 12(b) on September 23, 2013.  Dkt. Nos. 12 and 13.

Rather than attempt to defend its initial Complaint, on October 15, 2013, North River filed an Amended Complaint.  The Amended Complaint attempts to replead the facially deficient claims against Keystone for breaches of contract (Counts One, Two and Three) and a violation of Con. Gen. Stat. § 42-110b of the Connecticut Unfair Trade Practices Act, Conn.

52101424

Gen. Stat. §§ 42-110a, *et seq.* ("CUTPA") (Count Six) previously alleged by North River in its initial Complaint, filed on April 24, 2013 (Docket #1). The Amended Complaint also asserts a new cause of action against Keystone alleging breach of the implied covenant of good faith and fair dealing (Count Five).

Despite its disingenuous attempt to bolster its claims with additional allegations, the Counts asserted against Keystone fail to state viable claims and require dismissal pursuant to Fed. R. Civ. P. 12(b)(6). Counts One, Two and Three, alleging breaches of contract that Keystone purportedly committed under its insurance policy with North River, contain essentially the same allegations pleaded in the initial Complaint, and fail for the same reasons. Because the North River Policy never was implicated and because North River was granted a full release for the subject arbitration claims by both Keystone and co-defendant O&G Industries, Inc. ("O&G"), Keystone's obligations under the North River Policy were not triggered and thus could not have been breached. No amount of repleading can alter this fact or convert these counts into viable claims.

The newly asserted cause of action for breach of the covenant of good faith and fair dealing set forth in Count Five of the Amended Complaint also should be dismissed under Fed. R. Civ. P. 12(b)(6). North River fails to state a claim for breach of the implied covenant of good faith and fair dealing, because the North River policy was never implicated and North River has not and cannot allege that it was deprived of any rights under that policy by virtue of the settlement of O&G's arbitration claims. North River has never been required to make any payment under the North River Policy in connection with the subject February 7, 2010 explosion, and North River has received a release from liability in connection with O&G's arbitration claims. North River attempts to create a cause of action by reading into the terms of

the North River insurance policy obligations that do not exist under the contract (*e.g.*, alleging that exhaustion of underlying policy limits by virtue of the settlement of O&G's arbitration claims was a breach of Condition J of the policy, despite Condition J's explicit terms to the contrary). It is black letter law, however, that "the covenant [of good faith and fair dealing] may not be invoked to create rights and duties not contemplated by the provisions of the contract or the contractual relationship." *Massachusetts v. Schering-Plough Corp.*, 779 F. Supp. 2d 224, 240 (D. Mass. 2011). This, coupled with North River's inability to allege any harm, requires dismissal of Count V of the Amended Complaint.

Finally, the CUTPA claim in the Amended Complaint advanced in Count Seven against Keystone fails to state a claim for which relief can be granted because:

(i) it is based on conclusory allegations, lacking any factual predicate;

(ii) it relies on the implicit and implausible allegation that Keystone somehow controlled the decisions of two independent insurance companies to settle O&G's arbitration claims, which they deemed to be covered under their policies; and

(iii) North River cannot plead unfair or deceptive practices.

Thus, the claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Also, North River has suffered no harm, because it was not required to make any payment under the North River Policy in connection with the settlement and satisfaction of O&G's arbitration claims, and Keystone and O&G both granted it a release from liability with respect to such claims. Accordingly, North River lacks standing to assert a CUTPA violation, and the claim also should be dismissed under Fed. R. Civ. P. 12(b)(1).

52101424

Based on the foregoing, Keystone respectfully requests that the Court schedule a pre-filing conference in advance of November 1, 2013, the deadline by which Keystone must file its motion to dismiss the Amended Complaint, or alternatively, waive the requirement for a conference so that Keystone may file its motion to dismiss by November 1, 2013.

Respectfully submitted,

Hinckley, Allen & Snyder LLP

By: _____/s/ Jared Cohane    ct24264_____

20 Church Street
Hartford, CT   06103
Phone:  860-331-2724
Fax:  860-278-3802
E-mail:  jcohane@hinckleyallen.com

*Attorneys for Keystone Construction & Maintenance Services, Inc.*

## CERTIFICATION

This is to certify that on the above date, a copy of the foregoing was filed electronically and served by mail to anyone unable to accept electronic filing.  Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

/s/  *Jared Cohane*
Jared Cohane

52101424