UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE NORTH RIVER INSURANCE COMPANY,<br><br>                    Plaintiff<br>v.<br><br>O&G INDUSTRIES, INC., and KEYSTONE CONSTRUCTION AND MAINTENANCE SERVICES, INC.,<br><br>                    Defendants. | Case 3:13-cv-00589-RNC<br><br><br><br><br><br><br>OCTOBER 30, 2013 |

**KEYSTONE CONSTRUCTION AND MAINTENANCE SERVICES, INC.'S
REVISED REQUEST FOR PRE-FILING CONFERENCE**

Pursuant to Your Honor's Pretrial Preferences relative to dispositive motions, and further pursuant to the Court's Order (Dkt. No. 27) denying without prejudice defendant Keystone Construction and Maintenance Services, Inc.'s ("Keystone") prior motion for pre-filing conference, Keystone, by and through its undersigned counsel, respectfully requests a pre-filing conference in connection with its Motion to Dismiss the claims asserted against it in the First Amended Complaint for Declaratory Judgment (the "Amended Complaint;" Dkt. No. 23) filed by North River Insurance Company ("North River").

On April 24, 2013, North River filed its initial Complaint against Keystone. Keystone timely moved to dismiss North River's initial Complaint pursuant to Fed. R. Civ. P. 12(b) on September 23, 2013. Dkt. Nos. 12 and 13. Rather than attempt to defend its initial Complaint, on October 15, 2013, North River filed an Amended Complaint. The Amended Complaint attempts to replead the facially deficient claims against Keystone for breaches of contract (Counts One, Two and Three) and a violation of Con. Gen. Stat. § 42-110b of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110a, *et seq.* ("CUTPA") (Count Six)

previously alleged by North River in its initial Complaint, filed on April 24, 2013 (Docket #1). The Amended Complaint also asserts a new cause of action against Keystone alleging breach of the implied covenant of good faith and fair dealing (Count Five).

Despite its disingenuous attempt to bolster its claims with additional allegations, the Counts asserted against Keystone fail to state viable claims and require dismissal pursuant to Fed. R. Civ. P. 12(b)(6). Counts One, Two and Three, alleging breaches of contract that Keystone purportedly committed under its insurance policy with North River, contain essentially the same allegations pleaded in the initial Complaint, and fail for the same reasons. Because the North River Policy never was implicated and because North River was granted a full release for the subject arbitration claims by both Keystone and co-defendant O&G Industries, Inc. ("O&G"), Keystone's obligations under the North River Policy were not triggered and thus could not have been breached. No amount of repleading can alter this fact or convert these counts into viable claims.

The newly asserted cause of action for breach of the covenant of good faith and fair dealing set forth in Count Five of the Amended Complaint also should be dismissed under Fed. R. Civ. P. 12(b)(6). North River fails to state a claim for breach of the implied covenant of good faith and fair dealing, because the North River policy was never implicated and North River has not and cannot allege that it was deprived of any rights under that policy by virtue of the settlement of O&G's arbitration claims. North River has never been required to make any payment under the North River Policy in connection with the subject February 7, 2010 explosion, and North River has received a release from liability in connection with O&G's arbitration claims. North River attempts to create a cause of action by reading into the terms of the North River insurance policy obligations that do not exist under the contract (*e.g.*, alleging

that exhaustion of underlying policy limits by virtue of the settlement of O&G's arbitration claims was a breach of Condition J of the policy, despite Condition J's explicit terms to the contrary). It is black letter law, however, that "the covenant [of good faith and fair dealing] may not be invoked to create rights and duties not contemplated by the provisions of the contract or the contractual relationship." *Massachusetts v. Schering-Plough Corp.*, 779 F. Supp. 2d 224, 240 (D. Mass. 2011). This, coupled with North River's inability to allege any harm, requires dismissal of Count V of the Amended Complaint.

Finally, the CUTPA claim in the Amended Complaint advanced in Count Seven against Keystone fails to state a claim for which relief can be granted because:

(i) it is based on conclusory allegations, lacking any factual predicate;

(ii) it relies on the implicit and implausible allegation that Keystone somehow controlled the decisions of two independent insurance companies to settle O&G's arbitration claims, which they deemed to be covered under their policies; and

(iii) North River cannot plead unfair or deceptive practices.

Thus, the claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Also, North River has suffered no harm, because it was not required to make any payment under the North River Policy in connection with the settlement and satisfaction of O&G's arbitration claims, and Keystone and O&G both granted it a release from liability with respect to such claims. Accordingly, North River lacks standing to assert a CUTPA violation, and the claim also should be dismissed under Fed. R. Civ. P. 12(b)(1).

Earlier today, counsel for Keystone and North River conferred and discussed the above-listed bases, among others, for Keystone's proposed motion to dismiss, in an attempt to clarify

the issues, eliminate or reduce the area of controversy and arrive at a mutually satisfactory resolution. The parties were not able to achieve a mutually satisfactory resolution of any of North River's claims against Keystone. Accordingly, Keystone requests that the Court schedule a pre-filing conference in advance of Keystone's filing of its motion to dismiss North River's Amended Complaint. Alternatively, given the procedural history of this matter, Keystone requests that the Court waive any requirement for a pre-filing conference, as it has done with O&G's request.

Keystone's response to North River's Amended Complaint currently is due on November 1, 2013; however, contemporaneously with the filing of this request, Keystone also is filing a consent motion to extend its time to respond to the Amended Complaint until November 15, 2013.

KEYSTONE CONSTRUCTION AND
SERVICE MAINTENANCE, INC.

By: /s/ *Jared Cohane ct24264*
Jared Cohane
Hinckley Allen & Snyder LLP
20 Church Street
Hartford, CT 06103
Tel: 860-331-2724
Fax: 860-331-2725
Fed Bar: ct24264
jcohane@hinckleyallen.com

## **CERTIFICATION**

  This is to certify that on the above date, a copy of the foregoing Defendant O&G Industries, Inc.'s Request for Pre-Filing Conference was filed electronically and served by mail to anyone unable to accept electronic filing. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                  /s/ *Jared Cohane*
                  Jared Cohane