UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE NORTH RIVER INSURANCE COMPANY,<br><br>      Plaintiff<br>v.<br><br>O&G INDUSTRIES, INC., and KEYSTONE CONSTRUCTION AND MAINTENANCE SERVICES, INC.,<br><br>      Defendants. | Case 3:13-cv-00589-RNC<br><br>November 15, 2013 |

**DEFENDANT O&G INDUSTRIES, INC.'S
MOTION TO DISMISS COUNTS FOUR AND SEVEN
OF NORTH RIVER'S FIRST AMENDED COMPLAINT**

Defendant O&G Industries, Inc. ("O&G"), by and through its undersigned counsel, respectfully moves to dismiss Counts Four and Seven asserted against it in the First Amended Complaint for Declaratory Judgment (the "Amended Complaint") filed by North River Insurance Company ("North River") in the above-captioned action, pursuant to Fed. R. Civ. P. 12(b)(6), 8(a) and 12(b)(1). For the reasons more fully set forth in the accompanying memorandum of law, North River's Amended Complaint fails to set forth an actionable claim against O&G.

First, Count Four fails to plead a *prima face* case for tortious interference and requires dismissal under Fed. R. Civ. P. 12(b)(6). North River's allegations of tortious interference are conclusory and entirely without factual support. Specifically, North River cannot plead or show that O&G's alleged "interference" was tortious, or that O&G acted with improper intent to harm North River and/or acted without justification. North River's allegations do not sufficiently allege that O&G used improper means and

nydocs1-1022454.1

fail to plead any concrete harm suffered by North River as a result of O&G's alleged tortious conduct. Accordingly, North River has failed to state a viable claim for tortious interference. Count Four, therefore, should be dismissed.

Second, Count Seven alleging that O&G violated Con. Gen. Stat. § 42-110b of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110a, *et seq.* ("CUTPA"), lacks standing and should be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction because: (i) North River is neither a consumer nor competitor of O&G; and (ii) North River cannot allege that it has suffered any concrete and direct injury. The CUTPA claim also warrants dismissal under Fed. R. Civ. P. 12(b)(6) for a number of additional reasons, including that: (i) it is based on unsupported conclusory allegations and devoid of any factual support in contravention of the pleading requirements of Fed. R. Civ. P. 8(a); and (ii) North River cannot plead that O&G's alleged wrongful and deceptive acts were committed in the conduct of its primary trade or commerce. The CUTPA claim against O&G, therefore, also should be dismissed.

**[REMAINDER OF PAGE LEFT BLANK INTENTIONALLY]**

For the foregoing reasons, O&G seeks an order of the Court granting O&G's motion to dismiss Counts Four and Seven of North River's Amended Complaint, and for any further relief that the Court deems just and proper.

        Respectfully submitted,

        ANDERSON KILL, P.C.

By:  /s/ *Finley Harckham*
      Finley Harckham
      (ct26403)
      Dennis J. Artese
      (ct28071)
      1251 Avenue of the Americas
      New York, New York 10020
      Tel.: (212) 278-1000
      fharckham@andersonkill.com
      dartese@andersonkill.com

      *Attorneys for Defendant*
      *O&G Industries, Inc.*

## CERTIFICATION

This is to certify that on the above date, a copy of the foregoing Defendant O&G Industries, Inc.'s Motion to Dismiss Counts Four and Seven of North River's First Amended Complaint was filed electronically and served by mail to anyone unable to accept electronic filing. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Dennis J. Artese
Dennis J. Artese