UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE NORTH RIVER INSURANCE COMPANY, | CIVIL ACTION NO.: 3:13-cv-00589-RNC |
| Plaintiff, | |
| v. | JANUARY 24, 2014 |
| O&G INDUSTRIES, INC., KEYSTONE CONSTRUCTION and MAINTENANCE SERVICES, INC., | |
| Defendants. | |

### REPORT OF THE PARTIES' PLANNING MEETING
### PURSUANT TO FED. R. CIV. P. 26(f)

**Date Complaint Filed/Removed:**    April 24, 2013

**Date Complaint Served:**    Complaint and Waiver of Service sent July 25, 2013 and returned executed as to O&G Industries, Inc. ("O&G") August 19, 2013.

Complaint and Waiver of Service sent July 25, 2013 and returned executed as to Keystone Construction and Maintenance Services, Inc. ("Keystone") August 19, 2013.

**Date of Defendants' Appearances:**    September 23, 2013, as to O&G and Keystone

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16 and 26(f), on January 21, 2014, at 2:00 p.m., counsel for North River, O&G and Keystone held a telephonic conference.  Participants in the conference were:

nydocs1-1026208.1

For Plaintiff, North River:

Calum B. Anderson, Esq.
(Federal Bar No. ct07611)
DANAHERLAGNESE, PC
21 Oak Street
Hartford, CT 06106
Tel.: (860) 247-3666
Fax: (860) 547-1321
Email: canderson@danaherlagnese.com

For Defendant, O&G:

Dennis J. Artese, Esq.
(Federal Bar No. ct28071)
ANDERSON KILL P.C.
1251 Avenue of Americas
New York, NY
Tel: (212) 278-1000
Fax: (212) 278-1733
Email: dartese@andersonkill.com

For Defendant, Keystone:

Jared Cohane, Esq.
(Federal Bar No. ct 24264)
HINCKLEY, ALLEN & SNYDER LLP
20 Church Street
Hartford, CT  06103
Tel.: (860) 331-2724
Fax: (860) 331-2725
Email: jcohane@hinckleyallen.com

Following the initial January 21, 2014 conference and all subsequent conferences, the

parties prepared this Rule 26(f) report for the court's consideration.

## I. CERTIFICATION

Undersigned counsel certify that, after consultation with their clients, they have discussed

the nature and basis of the parties' claims and defenses and any possibilities for achieving a

prompt settlement or other resolution of the case and, in consultation with their clients, have

developed the following proposed case management plan.  Counsel further certify that they have

forwarded a copy of this report to their clients.

## II. JURISDICTION

1.   *Subject Matter Jurisdiction*.

Plaintiff's Position:  North River is a corporation organized and existing under the laws of the

State of New Jersey, with a principal place of business in Morristown, New Jersey.  O&G is a

corporation organized and existing under the laws of the State of Connecticut, with a principal

place of business in Torrington, Connecticut.  Keystone is a corporation organized and existing

2

under the laws of the Commonwealth of Massachusetts, with a principal place of business in

Rowley, Massachusetts.  Thus, jurisdiction in this matter exists pursuant to 28 U.S.C. § 1332,

based on the diversity of citizenship of the parties herein.  Plaintiff seeks to recover interest

thereon, as well as attorney's fees and costs.  The plaintiff, North River, asserts that the

defendants have caused $11 million of underlying insurance to be exhausted on the settlement of

undefended and unproven claims, purportedly causing North River's second layer excess policy

to attach.  Defendant, Keystone, has demanded that North River pay its $15 million policy limits

to settle remaining bodily injury claims. As a result, the matter in controversy exceeds the sum

specified in 28 U.S.C. § 1332, exclusive of interest and costs.

Defendants' Position:  Defendants contend that this Court lacks subject matter jurisdiction over

this case because, among other things, North River has not alleged and cannot allege that it

suffered any harm as a result of Defendants' alleged conduct.  Specifically, North River did not

make any payment in connection with the settlements of the O&G Arbitration Claim, as defined

below, which settled within the limits of Defendant Keystone's primary and first-level excess

insurance policies.  In conjunction with the settlements of the O&G Arbitration Claim, North

River received a release of liability from all claims and rights arising out of or related to the

O&G Arbitration Claim and its settlements.  Moreover, North River has not been required to

make any payment, to date, in connection with any claims arising from the Incident, as defined

below, and thus has suffered no concrete damage.  Accordingly, North River cannot satisfy the

requirement of 28 U.S.C. § 1332 that the matter in controversy must exceed the sum or value of

$75,000, exclusive of interest and costs.  Additionally, as set forth more fully in O&G's motion

to dismiss, O&G contends that the Court lacks subject matter jurisdiction over North River's

CUTPA claim against O&G, because O&G has no business, consumer, or competitor

3

relationship with North River, and, therefore, North River lacks standing to assert its CUTPA claim against O&G.

### III.   BRIEF DESCRIPTION OF CASE

A.     *Claims of Plaintiff North River.*

This action for declaratory judgment is brought by North River against Keystone concerning the North River's and Keystone's rights and obligations under a second layer excess insurance policy no. 522-014226-9 (the "Policy") that North River issued to Keystone, for the policy period October 9, 2009 to October 9, 2010.  More specifically, North River seeks a declaration that the insured, Keystone, has materially breached (a) Condition G.3.c. of the Policy by failing to cooperate with North River in the investigation, settlement or defense of a claim or suit; (b) Condition G.4. by making or authorizing an admission of liability, attempting to settle, incurring any expense, making any payment other than first aid, or otherwise disposing of any claim or suit without North River's written consent; and (c) Condition J. of the Policy by failing to maintain underlying insurance; and that, as a consequence thereof, the Policy is void and North River has no obligations under the Policy.  North River also seeks a declaration that Keystone has breached its implied covenant of good faith and fair dealing.

North River also asserts that Keystone and O&G violated Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110b, by engaging in unfair or deceptive acts or practices in the conduct of any trade or commerce.  More specifically, North River asserts that O&G and Keystone wrongfully committed unfair and deceptive acts or practices in violation of CUTPA by wrongfully colluding to direct Keystone's insurance assets under its primary and first layer excess policies to O&G, without establishing the merits of O&G's claims or establishing that O&G's claims were covered by the primary or first layer excess policies.  North River also seeks damages for O&G's tortious interference with the contractual and/or business relations between Keystone and North River.

B.     *Defenses of Defendant O&G.*

North River issued a second layer excess liability insurance policy to defendant Keystone, which insured a construction project in Middletown, Connecticut, at which Keystone acted as a subcontractor to defendant O&G, the general contractor heading the project. Tragically, a major explosion occurred at the construction site when Keystone was conducting operations using natural gas to clean pipes (the "Incident").  The Incident resulted in deaths and bodily injuries as well as extensive property damage, and delayed the completion of the project. O&G asserted certain claims against Keystone for losses it incurred as a result of the Incident. These claims were settled by Keystone's primary and first-level excess insurers within the underlying limits of Keystone's policies with those insurers.

In conjunction with the settlements, North River was never required to make any payments and received a full release from all liability in connection with those O&G claims.  To date, North River has not been required to make a single payment under Keystone's second-level excess policy in connection with any Incident-related claim.  Despite all this, North River

nydocs1-1026208.1

commenced the instant action, suing O&G, an entity with which it has no business relationship or contractual privity, and asserting, in its initial complaint, a single claim against O&G: a violation of Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110a, et seq. ("CUTPA") based upon nothing more than the fact that O&G asserted certain Incident-related claims against Keystone and settled those claims with Keystone and Keystone's primary and first-level excess insurers.

After North River filed its initial complaint asserting the CUTPA violation, O&G moved to dismiss and threatened to seek sanctions if North River did not withdraw its frivolous claim against O&G. Rather than attempting to defend the merits of its claim against O&G, North River promptly withdrew its initial complaint by filing an amended complaint. The amended complaint contains a markedly different recitation of the facts than previously asserted.

The new "storyline," made up of conclusory allegations and lacking factual predicate, claimed that, in pursuing the settlements of its insurance claims against Keystone, O&G carried out a nefarious scheme to harm Keystone that allegedly caused Keystone to breach certain of its policyholder obligations to North River and damaged North River by exhausting the limits of Keystone's underlying policies. In the amended complaint, the CUTPA claim against O&G was revamped according to this storyline and a new claim for tortious interference of contract was added against O&G.

Even with its new recitation of the facts, North River is unable to allege a viable claim against O&G or establish standing where none exists. Specifically, North River's amended complaint asserts two claims against O&G, one for tortious interference with the Keystone-North River contractual relationship and the other for violation of CUTPA. Both claims are predicated on a frivolous theory of wrongdoing, deficient in their merits, and warrant dismissal as fully set forth in O&G's pending motion to dismiss for which argument is scheduled to take place on March 21, 2014.

The tortious interference claim is not viable because North River does not allege and cannot demonstrate how O&G interfered with the North River-Keystone contract. In particular, North River does not allege that O&G controlled the actions of Keystone's settling insurers and caused them to enter into the allegedly improper settlements of the O&G claims. Second, North River has not alleged and cannot demonstrate that O&G acted with an improper motive to harm North River and/or acted without justification in pursuing the settlement of the insurance claims it had against Keystone. Rather, North River alleges that O&G's motivation was to interfere with Keystone's right to defense coverage under its primary insurance policy issued by another insurance company. Third, the tortious interference claim is not ripe in light of the fact that North River was not required to make any payment to settle the O&G claims, received a release of liability in connection therewith, and, to date, has not been required to make any payment in connection with any claim arising from the Incident. Because North River has not been damaged by the settlements of O&G's claims, it cannot maintain its lawsuit against O&G.

North River's CUTPA claim against O&G equally lacks merit. To the extent this claim is dependent upon the tortious interference claim, it fails for the same reasons as that claim. Additionally, however, the CUTPA claim lacks standing because North River and O&G have no business relationship, are not in contractual privity, are not business competitors, and have no

dealings of a consumer nature.  Thus, North River lacks standing to assert a violation of CUTPA.
Moreover, North River has suffered no concrete harm, thereby further vitiating its CUTPA
claim.  Furthermore, North River will not be able to succeed on its CUTPA claim because:  (i)
O&G's pursuit of its legal right to assert and settle insurance claims is not an unfair or deceptive
act; and (ii) O&G's allegedly wrongful acts were not committed as part of its primary trade or
commerce (construction).  The CUTPA claim, like the tortious interference claim, is frivolous.

    C.    *Defenses of Defendant Keystone.*

    North River is attempting to void in its entirety the $15 million per occurrence excess
insurance policy it sold to Keystone (the "Policy"), so that it does not have any liability in
connection with potential future liability incurred by Keystone.  It seeks to do so based on
alleged breaches of the Policy in connection with the settlement of arbitration claims (the "O&G
Arbitration Claims") against Keystone by O&G Industries, Inc. ("O&G"), for which North
River was not required to pay any amounts or take any action whatsoever.

    Since the Policy never was implicated in connection with the separate O&G Arbitration
Claims, Counts 1 and 2 of the Amended Complaint, premised on Keystone's alleged breach of
Policy conditions, fail to state causes of action for which relief can be granted.  Simply put,
Keystone cannot have breached conditions precedent to coverage for claims that North River
was not required to pay.

    Moreover, even assuming Keystone somehow breached a policy condition in connection
with the settlement of the O&G Arbitration Claims (which it did not), North River is not
entitled to have the Policy declared void in its entirety, thereby absolving North River of its
obligations in connection with claims unrelated to the O&G Arbitration Claims that are
otherwise covered under the Policy.  At most, North River could avoid its obligations under the
Policy in connection with the O&G Arbitration Claims, but it already has been released of any
liability for those claims by virtue of a full release granted to it by Keystone.  Thus, North River
cannot properly allege that it has suffered any harm as a result of the settlements of the O&G
Arbitration Claims, and Counts 1 and 2 of the Amended Complaint fail to state claims upon
which relief may be granted.

    Additionally, dismissal of Count 3 is warranted because, by its plain terms, Keystone did
not breach its obligation to maintain underlying insurance in full effect.  The Policy terms
provide that the exhaustion or depletion of underlying insurance through the payment of claims,
which is exactly what is alleged to have happened here, does not breach the condition to
maintain underlying insurance.  See Amended Complaint at ¶ 106 (quoting Condition J of the
Policy).  Thus, North River's claim that Keystone breached this condition through the
settlement of the O&G Arbitration Claims is nonsensical, frivolous, and fails to state a claim
upon which relief may be granted.

    In Count 5, North River alleges that Keystone breached its implied covenant of good
faith and fair dealing by "wrongfully" and "intentionally colluding with O&G to direct
[payment of] Keystone's insurance assets under" Keystone's primary and first-level excess
insurance policies.  Amended Complaint at ¶ 128.  Count 5 does not state a viable claim
because it does not assert how, in settling the O&G Arbitration Claims, Keystone acted

fraudulently, with dishonesty, or with intent to harm North River. Furthermore, no concrete harm has been alleged. Absent a plausible allegation that North River has suffered harm, this count cannot be sustained.

Finally, in Count 6, sounding in violation of CUTPA, North River lacks standing to assert a violation of CUTPA because it did not suffer any harm and Keystone's primary trade or commerce is not related to insurance or claims settlement. The CUTPA claim also is deficient because it is improperly based on conclusory allegations devoid of any factual support.

## IV. STATEMENT OF UNDISPUTED FACTS

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

1.      Kleen Energy Systems, LLC, as Owner, and O&G, as EPC Contractor, entered into an Engineering, Procurement and Construction Agreement dated as of November 30, 2007, for the construction of a 620 MW Combined Cycle Gas Fired Power Project in Middletown, Connecticut (the "Kleen Energy Project").

2.      Keystone was a subcontractor on Kleen Energy Project.

3.      On February 7, 2010, a natural gas explosion occurred at the Kleen Energy Power Plant, which gave rise to several bodily injury and property damage actions (the "Incident").

4.      Keystone was insured under a primary policy issued by ACE American ("ACE") (Policy No. PMD G24651447 002) with limits of $1,000,000 per occurrence; a first layer excess policy issued by Everest National Insurance Company ("Everest") (Policy No. 71C8000223-91) with limits of $10,000,000 per occurrence; and a second layer excess policy issued by North River with limits of $15,000,000 per occurrence.

5.      O&G was an additional insured under the ACE policy and a portion of the Everest policy.

6. The ACE primary policy contained a defense obligation. Neither the Everest policy nor the North River policy contain a duty to defend.

7. In December 2011, O&G filed a Demand for Arbitration with the American Arbitration Association naming Keystone as the respondent, seeking compensation for certain losses O&G suffered as a result of the Incident (the "O&G Arbitration Claim").

8. Subsequently, O&G and Keystone settled the O&G Arbitration Claims.

## V. CASE MANAGEMENT PLAN

A. *Standing Order on Scheduling in Civil Cases.* The undersigned request modification of the deadlines in the Standing Order on Scheduling in Civil Cases.

B. *Scheduling Conference with the Court.* Defendants do request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

C. *Early Settlement Conference.*

1. The undersigned have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

2. The undersigned do not request an early settlement conference.

3. The undersigned prefer a settlement conference with a magistrate judge.

4. The undersigned do not request a referral to alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

D. Joinder of Parties and Amendment of Pleadings.

1. Plaintiff: Plaintiff does not anticipate joinder or amendment of its operative pleading.

2. Defendants: Defendants request that if their pending motions to dismiss are not granted, then they be afforded thirty (30) days from the time of the order denying their

8

motions to dismiss to file their answers to the Amended Complaint.  The Defendants' motions to dismiss have been fully briefed and oral argument is currently scheduled for March 21, 2014. However, due to a scheduling conflict, counsel for O&G is not available on March 21, 2014, and will soon be submitting a formal request to reschedule the argument on a date that is convenient for the Court, either prior to or after March 21, 2014.

      E.      Discovery.

      (a)      <u>Plaintiff</u> anticipates that discovery will be needed on the following subjects:

      (1)      The facts and circumstances of the partial settlement among ACE, O&G and Keystone involving the attorneys' fees portion of the O&G Arbitration Claim;

      (2)      The facts and circumstances of the settlement between O&G and Keystone of the remaining portion of the O&G Arbitration Claim;

      (3)      The facts and circumstances concerning Westchester Surplus Lines defense of Keystone against the claims made in the O&G Arbitration Claim.

      (4)      The facts and circumstances concerning Keystone's defense of the O&G Arbitration Claim;

      (5)      The facts and circumstances concerning the settlement between O&G and Everest;

      (6)      The facts and circumstances concerning the extent of Keystone's compliance/non-compliance with Condition G.3.c., Condition G.4 and Condition J, of the North River policy; and

      (7)      Any defenses raised by Defendants in their Answers and/or by way of Special Defenses.

9

<u>Defendants</u> anticipate that discovery will be needed on the following subjects:

    (1)    The settlement of the O&G Arbitration Claim;

    (2)    North River's refusal to participate in settlement discussions relative to the O&G Arbitration Claim when requested to do so by Keystone;

    (3)    The extent to which North River has made any payments under Keystone's second-level excess policy for any Incident-related claims;

    (4)    The facts and circumstances known to North River at the time of its filing of its initial and Amended Complaints, which caused North River to conclude that the settlements of the O&G Arbitration Claim were improper;

    (5)    Any damages that North River has directly suffered as a result of the settlements of the O&G Arbitration Claim; and

    (6)    Any defenses raised by Defendants in their Answers and/or by way of Special Defenses.

    (b)    The parties agree that all discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be completed by March 30, 2015.

    <u>Plaintiff</u> requests that discovery commence February 15, 2014.

    <u>Defendants</u> request that discovery commence forty-five (45) days following the Court's ruling on their motions to dismiss. As set for above in Defendants' Description of the Case, Defendants assert that North River's claims are baseless, and O&G has moved for sanctions against North River as a result. Defendants submit that they should not have to incur litigation costs engaging in discovery in connection with this baseless suit. Defendants promptly filed their motions to dismiss, which were originally scheduled to be heard

on January 3, 2014.  Due to inclement weather, however, the argument had to be adjourned, and the Court rescheduled for March 21, 2014.  Defendants are now in a situation where they might be forced to commence discovery in a case that should not proceed.  Accordingly, Defendants request that discovery not commence until 45 days after a ruling by the Court on Defendants' motions to dismiss.  Defendants are confident that, if necessary, the parties will be able to complete discovery by the agreed upon end date of March 30, 2015.

      (c)     Discovery will not be conducted in phases.

      (d)     Discovery will be completed by March 30, 2015.

      (e)     The parties anticipate that Plaintiff will require approximately ten (10) depositions of fact witnesses and Defendants will require a total of approximately ten (10) depositions of fact witnesses.  All depositions will be completed by December 31, 2014.  Plaintiff requests that depositions may commence on March 1, 2014.  Defendants request that discovery commence forty-five (45) days following the Court's ruling on their motions to dismiss, and that depositions not commence until at least ninety (90) days thereafter.

      (f)     The parties do not request permission to serve more than twenty-five (25) interrogatories.

      (g)     Plaintiff intends to call expert witnesses at trial.  Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by December 31, 2014.  Depositions of any such experts will be completed by January 30, 2015.

      (h)     Defendant intends to call expert witnesses at trial.  Defendant will designate all trial experts and provide opposing counsel with reports from retained experts

11

pursuant to Fed. R. Civ. P. 26(a)(2) by February 29, 2015.  Depositions of such experts will be completed by March 30, 2015.

      (i)     Plaintiff requests that it provide its damages analysis on or before November 15, 2014, with the Defendants providing their analyses, if any, on or before January 15, 2015.  Defendants' suggestion that the damages analysis be provided thirty (30) days from commencement of discovery is unwarranted and unreasonable.  Defendants request that the Plaintiff provide its damages analysis within thirty (30) days from the commencement of discovery.  Defendants have taken the position that North River has not suffered any harm as a result of the allegations in its Amended Complaint.  The element of harm is essential to the Plaintiff's burden of establishing a *prima facie* case for each of its claims.  Defendants should not have to wait until one month before the close of fact witness depositions before Plaintiff is required to articulate its damages.  Defendants note that a damages analysis also is required as part of North River's Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1)A(iii).  Defendants propose that Defendants submit their damages analyses, if any, within thirty (30) days of the Plaintiff's damages analysis submission.

      (j)     Undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information and the allocation of costs of assembling and producing such information.  The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information: no such

procedures are required as discovery in this case is not likely to involve the production of electronically-stored information.

(k)     Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product information, including procedures for asserting privilege claims after production.  The parties agree to the following procedures for asserting claims of privilege after production: entering into a confidentiality agreement with a clawback provision.

F.     Dispositive Motions.

Any dispositive motions will be filed on or before April 30, 2015.

G.     Joint Trial Memorandum.

A joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by May 30, 2015, or thirty (30) days after the Court has ruled on a dispositive motion submitted by one of the parties, whichever is later.

## VI.  TRIAL READINESS

The case will be ready for trial one (1) month after the parties' submission of their joint trial memorandum.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

13

Respectfully submitted,

PLAINTIFF,
THE NORTH RIVER INSURANCE COMPANY

By:/s/ Calum B. Anderson
    R. Cornelius Danaher, Jr. (ct5350)
    Calum B. Anderson (ct07611)
    DANAHERLAGNESE, PC
    21 Oak Street
    Hartford, CT  06106
    Tel.: (860) 247-3666
    Fax: (860) 547-1321
    Email: ndanaher@danaherlagnese.com
        canderson@danaherlagnese.com


DEFENDANT,
O&G INDUSTRIES, INC.

By:/s/ Finley Harckham
    Finley Harckham (ct26403)
    Dennis J. Artese (ct28071)
    ANDERSON KILL P.C.
    1251 Avenue of Americas
    New York, NY
    Tel: (212) 278-1000
    Fax: (212) 278-1733
    Email: fharckham@andersonkill.com
        dartese@andersonkill.com

DEFENDANT,
KEYSTONE CONSTRUCTION AND
MAINTENANCE SERVICES, INC.

By:/s/ Jared Cohane
    Jared Cohane, Esq. (ct24264)
    HINCKLEY ALLEN & SNYDER, INC.
    20 Church Street
    Hartford, CT  06103
    Tel: (860) 331-2724
    Fax: (860) 331-2725
    Email: jcohane@hinckleyallen.com

nydocs1-1026208.1

**CERTIFICATION**

     This is to certify that on the above date, a copy of the foregoing was filed electronically and served by mail to anyone unable to accept electronic filing.  Notice of this filing was sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

                                    /s/ Calum B. Anderson

16