UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE NORTH RIVER INSURANCE COMPANY,<br><br>       Plaintiff<br>  v.<br><br>O&G INDUSTRIES, INC., and KEYSTONE CONSTRUCTION AND MAINTENANCE SERVICES, INC.,<br><br>       Defendants. | Case 3:13-cv-00589-RNC<br><br><br>February 3, 2014 |

**O&G INDUSTRIES, INC.'S MOTION TO SEAL UNREDATCED CONFIDENTIAL DOCUMENTS SUBMITTED IN SUPPORT OF ITS MOTION FOR SANCTIONS PURSUANT TO RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Pursuant to Rules 5(e)(3) and (4) of the Local Rules of this Court, defendant O&G Industries, Inc. ("O&G"), by and through its undersigned counsel, respectfully seeks an Order of this Court to seal the unredacted versions of: (i) O&G's Reply Memorandum of Law in Further Support of Its Motion for Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure (the "Reply Memorandum"); and (ii) the Reply Declaration of Finley Harckham in Further Support of O&G's Sanctions Motion (the "Harckham Reply Declaration"), along with the unredacted versions of the exhibits thereto, specifically by sealing documents that are being manually filed.

O&G seeks such relief because in connection with its Reply Memorandum, O&G has determined that it is necessary to submit and refer to a confidential settlement agreement entered into between itself and co-defendant Keystone Construction and Maintenance Services, Inc. (the "Keystone Settlement Agreement"). The Keystone Settlement Agreement is subject to a confidentiality

provision binding the signatories from publicizing or otherwise disclosing the terms or provisions of the agreement to any third party. However, because the issue of the timing and nature of the settlement between Keystone and O&G is relevant to the claims being litigated in this case, and because the veracity of O&G's sworn statements submitted in connection with its Sanctions Motion concerning the Keystone Settlement have been questioned by North River, O&G has obtained permission from Keystone to produce the Keystone Settlement Agreement as a "CONFIDENTIAL" document pursuant to the Court's Standing Protective Order in this case, to be filed under seal in connection with the Court's determination of the Sanctions Motion. Thus, O&G respectfully submits that clear and compelling reasons exist to grant O&G's request for a sealing order, sealing those portions of the Reply Memorandum and Harckham Reply Declaration which discuss the specific terms and provisions of the Keystone Settlement Agreement and sealing, in its entirety, the copy of the Keystone Settlement Agreement attached as Exhibit "A" to the Harckham Reply Declaration.

Pursuant to this Court's Standing Protective Order, a party that needs to produce material that it has a good faith basis for believing is comprised of private, proprietary, or other non-public information, may designate such material as "CONFIDENTIAL." Standing Protective Order at ¶¶ 2, 3. Designated material that is produced may not be used or disclosed for any purpose other than the litigation of the action in which it is produced. Standing Protective Order at ¶ 5.

In accordance with the procedures pertaining to the disclosure of Designated Material, O&G has notified the parties to this action, by email communication, of the confidential nature of the Designated Material and that, as set

forth in ¶ 5 of the Court's Standing Protective Order, the parameters of the use of this confidential material is limited to confines of this litigation.

The unredacted portions of the Reply Memorandum and the unredacted version of Exhibit A to the Harckham Reply Declaration all contain material designated as CONFIDENTIAL. Thus, O&G moves to file the unredacted versions of these documents under seal.

On this date, O&G electronically files the redacted version of its Reply Memorandum of Law and Exhibit A to the Harckham Reply Declaration. O&G also files the unredacted versions of its Reply Memorandum of Law and Exhibit A to the Harckham Reply Declaration by placing such documents in a sealing envelope and delivering the same to the court via overnight Federal Express delivery to the Clerk of the Court. Copies of the unredacted versions of the Reply Memorandum of Law and Exhibit A also are being served on the parties by overnight Federal Express delivery. Such filing complies with O&G's obligations under the Local Rules and the Standing Protective Order of this Court.

WHEREFORE, O&G respectfully requests that the Court grant its Motion to file under seal.

        Respectfully submitted,

        ANDERSON KILL, P.C.

By: /s/ *Finley Harckham*
Finley Harckham
(ct26403)
Dennis J. Artese
(ct28071)
1251 Avenue of the Americas
New York, New York 10020
Tel.: (212) 278-1000
fharckham@andersonkill.com
dartese@andersonkill.com

*Attorneys for Defendant
O&G Industries, Inc.*

## CERTIFICATION

This is to certify that on the above date, a copy of the foregoing was filed electronically and served by mail to anyone unable to accept electronic filing. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Dennis J. Artese
Dennis J. Artese