**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| NORTH RIVER INSURANCE COMPANY | : | CIVIL ACTION NO. |
| | : | 3.13cv589  (JAM) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| O & G INDUSTRIES, INC., ET AL | : | |
| Defendants. | : | |
| | : | OCTOBER 21, 2014 |

**ANSWER AND AFFIRMATIVE DEFENSES**

The defendant, Keystone Construction and Maintenance Services, Inc.

("Keystone"), respectfully answers the Second Amended Complaint of the Plaintiff,

North River Insurance Company ("North River"), as follows:

**NATURE OF ACTION**

1.     The allegations of this first paragraph state a legal conclusion to which

no response is required.   It is admitted that North River seeks declaratory judgment

on the parties' respective rights and obligations under insurance policy no. 522-

01426-9.

2.      Keystone is without information sufficient to admit or deny the allegations asserted in Paragraph 2 of the Complaint and, therefore, preliminarily denies the same.

3.      Denied.

4.      Keystone is without information sufficient to admit or deny the allegations asserted in Paragraph 4 of the Complaint as to North River's intent in bringing this litigation as well as its legal theory and, therefore, preliminarily denies the same.  Keystone denies the remaining factual allegations.

5.      Keystone is without information sufficient to admit or deny the allegations asserted in Paragraph 5 of the Complaint as to North River's intent in bringing this litigation as well as its legal theory and, therefore, preliminarily denies the same.  Keystone denies the remaining factual allegations.

6.      Keystone is without information sufficient to admit or deny the allegations asserted in Paragraph 6 of the Complaint as to North River's intent in bringing this litigation as well as its legal theory and, therefore, preliminarily denies the same.  Keystone denies the remaining factual allegations.

**PARTIES**

7.     Keystone is without information sufficient to admit or deny the allegations asserted in Paragraph 7 of the Complaint and, therefore, preliminarily denies the same.

8.     Admitted.

**JURISDICTION AND VENUE**

9.     Admitted.

10.    Keystone is without information sufficient to admit or deny the allegations asserted in Paragraph 10 of the Complaint and, therefore, preliminarily denies the same.

11.    Admitted.

12.    The allegations of paragraph 12 state a legal conclusion to which no response is required.

13.    The allegations of paragraph 13 state a legal conclusion to which no response is required.  To the extent the allegations of paragraph 13 require a response, Keystone is without information sufficient to admit or deny the allegations asserted therein and, therefore, preliminarily denies the same.

3

14.     The allegations of paragraph 14 state a legal conclusion to which no response is required.  To the extent the allegations of paragraph 14 require a response, Keystone is without information sufficient to admit or deny the allegations asserted therein and, therefore, preliminarily denies the same.

15.     The allegations of paragraph 15 state a legal conclusion to which no response is required.  To the extent the allegations of paragraph 15 require a response, Keystone is without information sufficient to admit or deny the allegations asserted therein and, therefore, preliminarily denies the same.

16.     Admitted.

## FACTUAL BACKGROUND

17.     Keystone is without information sufficient to admit or deny the allegations asserted in Paragraph 17 of the Complaint and, therefore, preliminarily denies the same.

18.     Admitted.

19.     By way of response to the allegations asserted in Paragraph 19 of the Complaint, Keystone asserts that the referenced document speaks for itself and denies any interpretation of the same that is inconsistent with the interpretation of a court of competent jurisdiction.

4

20.     Keystone is without information sufficient to admit or deny the allegations asserted in Paragraph 20 of the Complaint and, therefore, preliminarily denies the same.

21.     By way of response to the allegations asserted in Paragraph 21 of the Complaint, Keystone asserts that the referenced document speaks for itself and denies any interpretation of the same that is inconsistent with the interpretation of a court of competent jurisdiction.

22.     Keystone is without information sufficient to admit or deny the allegations asserted in Paragraph 22 of the Complaint and, therefore, preliminarily denies the same.

23.     By way of response to the allegations asserted in Paragraph 23 of the Complaint, Keystone asserts that the referenced document speaks for itself and denies any interpretation of the same that is inconsistent with the interpretation of a court of competent jurisdiction.

24.     By way of response to the allegations asserted in Paragraph 24 of the Complaint, Keystone asserts that the referenced document speaks for itself and denies any interpretation of the same that is inconsistent with the interpretation of a court of competent jurisdiction.

25.     Keystone is without information sufficient to admit or deny the allegations asserted in Paragraph 25 of the Complaint and, therefore, preliminarily denies the same.  By way of further response to the allegations asserted in Paragraph 25, Keystone asserts that the referenced document speaks for itself and denies any interpretation of the same that is inconsistent with the interpretation of a court of competent jurisdiction.

26.     It is admitted that Keystone was a subcontractor to O&G Industries on the Project.  By way of further response to the allegations asserted in Paragraph 26, Keystone asserts that the referenced documents speak for themselves and denies any interpretation of the same that is inconsistent with the interpretation of a court of competent jurisdiction.  Keystone is without information sufficient to admit or deny the remaining factual allegations asserted in Paragraph 26 of the Complaint and, therefore, preliminarily denies the same.

27.     Keystone is without information sufficient to admit or deny the allegations asserted in Paragraph 27 of the Complaint and, therefore, preliminarily denies the same.

28.     Keystone is without information sufficient to admit or deny the allegations asserted in Paragraph 28 of the Complaint and, therefore, preliminarily denies the same.

29.     It is admitted that Keystone was required to maintain insurance in accordance with the Subcontract.  By way of further response to the allegations asserted in Paragraph 26, Keystone asserts that the referenced document speaks for itself and denies any interpretation of the same that is inconsistent with the interpretation of a court of competent jurisdiction.

30.     It is admitted that Keystone was insured under the CCIP, as well as insurance procured in accordance with the Subcontract.  The policies in question speak for themselves and Keystone denies any interpretation of the same that is inconsistent with the interpretation of a court of competent jurisdiction.  Keystone is without information sufficient to admit or deny the remaining factual allegations asserted in Paragraph 30 of the Complaint and, therefore, preliminarily denies the same.

31.     It is admitted as to the existence and limits of the policies identified. The policies in question speak for themselves and Keystone denies any

interpretation of the same that is inconsistent with the interpretation of a court of competent jurisdiction.

     32.     The policies in question speak for themselves and Keystone denies any interpretation of the same that is inconsistent with the interpretation of a court of competent jurisdiction.

     33.     Admitted.

     34.     Keystone is without information sufficient to admit or deny the allegations asserted in Paragraph 34 of the Complaint and, therefore, preliminarily denies the same.

     35.     Keystone is without information sufficient to admit or deny the allegations asserted in Paragraph 35 of the Complaint and, therefore, preliminarily denies the same.

     36.     Admitted.

     37.     Admitted.

     38.     Admitted.

     39.     Admitted.

     40.     Admitted.

     41.     Admitted

42.    It is admitted as to the existence of the reservation of rights letter, which speaks for itself.  By way of further response, the policy in question speaks for itself and Keystone denies any interpretation of the same that is inconsistent with the interpretation of a court of competent jurisdiction.   The remaining allegations of the paragraph are denied.

43.    It is admitted that Keystone made demand upon North River under the policy.  By way of further response, the policy in question speaks for itself and Keystone denies any interpretation of the same that is inconsistent with the interpretation of a court of competent jurisdiction.   The remaining allegations of the paragraph are denied.

44.    It is admitted as to the existence of the reservation of rights letter, which speaks for itself.  By way of further response, the policy in question speaks for itself and Keystone denies any interpretation of the same that is inconsistent with the interpretation of a court of competent jurisdiction.   The remaining allegations of the paragraph are denied.

45.    Keystone is without information sufficient to admit or deny the allegations asserted in Paragraph 45 of the Complaint and, therefore, preliminarily denies the same.

46.     The letter speaks for itself, and Keystone denies North River's characterization of the letter.

47.     Keystone is without information sufficient to admit or deny the allegations asserted in Paragraph 47 of the Complaint and, therefore, preliminarily denies the same.

48.     Keystone is without information sufficient to admit or deny the allegations asserted in Paragraph 48 of the Complaint and, therefore, preliminarily denies the same.

49.     It is admitted that Keystone O&G and ACE entered into a settlement agreement dated May 29, 2012, which is Exhibit A.  Keystone denies the remaining allegations of Paragraph 49.

50.     Admitted.

51.     Keystone asserts that the referenced document speaks for itself and denies any interpretation of the same that is inconsistent with the interpretation of a court of competent jurisdiction.  Keystone denies the Plaintiff's characterization of the agreement.

52.     Keystone asserts that the referenced document speaks for itself and denies any interpretation of the same that is inconsistent with the interpretation of a

court of competent jurisdiction. Keystone denies the Plaintiff's characterization of the agreement.

53. Keystone asserts that the referenced document speaks for itself and denies any interpretation of the same that is inconsistent with the interpretation of a court of competent jurisdiction. Keystone denies the Plaintiff's characterization of the agreement.

54. Keystone asserts that the referenced document speaks for itself and denies any interpretation of the same that is inconsistent with the interpretation of a court of competent jurisdiction. Keystone denies the Plaintiff's characterization of the agreement.

55. Denied.

56. Keystone is without information sufficient to admit or deny the allegations asserted in Paragraph 56 of the Complaint and, therefore, preliminarily denies the same.

57. Keystone is without information sufficient to admit or deny the allegations asserted in Paragraph 57 of the Complaint and, therefore, preliminarily denies the same.

58. Denied.

59.     Keystone asserts that the referenced document speaks for itself and denies any interpretation of the same that is inconsistent with the interpretation of a court of competent jurisdiction.

60.     Denied.

61.     Keystone asserts that the referenced document speaks for itself and denies any interpretation of the same that is inconsistent with the interpretation of a court of competent jurisdiction.

62.     Denied.

63.     Denied.

64.     It is admitted that Keystone entered into the agreement referenced as Exhibit B.  Keystone asserts that the referenced document speaks for itself and denies any interpretation of the same that is inconsistent with the interpretation of a court of competent jurisdiction.

65.     Keystone is without information sufficient to admit or deny the allegations asserted in Paragraph 65 of the Complaint and, therefore, preliminarily denies the same.

.

66.     Keystone is without information sufficient to admit or deny the allegations asserted in Paragraph 66 of the Complaint and, therefore, preliminarily denies the same.

67.     Denied.

68.     Keystone is without information sufficient to admit or deny the allegations asserted in Paragraph 68 of the Complaint and, therefore, preliminarily denies the same.

69.     Keystone is without information sufficient to admit or deny the allegations asserted in Paragraph 69 of the Complaint and, therefore, preliminarily denies the same.

70.     Admitted.

71.     Denied.

72.     Keystone is without information sufficient to admit or deny the allegations asserted in Paragraph 72 of the Complaint and, therefore, preliminarily denies the same.

73.     Admitted.

74.    Keystone is without information sufficient to admit or deny the allegations asserted in Paragraph 74 of the Complaint and, therefore, preliminarily denies the same.

75.    Keystone asserts that the referenced document speaks for itself. Keystone denies the Plaintiff's characterization of the letter and its characterization of the representations of Keystone's counsel.

76.    Keystone asserts that the referenced document speaks for itself. Keystone denies the Plaintiff's characterization of the letter.

77.    Denied.

78.    It is admitted that Keystone sent a letter to North River dated August 23, 2012, which speaks for itself.  The remaining allegations of Paragraph 78 are denied.

79.    It is admitted that North River sent a letter to Keystone dated August 31, 2012, which speaks for itself.  Keystone denies North River's characterization of the letter.

80.    It is admitted that North River sent a letter to Keystone dated August 31, 2012, which speaks for itself.  Keystone denies North River's characterization of the letter.

81.     It is admitted that North River sent a letter to Keystone dated August 31, 2012, which speaks for itself.  Keystone denies North River's characterization of the letter as well as the applicability of the case cited in to support the statement.

82.     It is admitted that North River sent a letter to Keystone dated August 31, 2012, which speaks for itself.  Keystone denies North River's characterization of the letter.  Keystone is without information sufficient to admit or deny the remaining allegations asserted in Paragraph 82 of the Complaint and, therefore, preliminarily denies the same.

83.     It is admitted that North River sent a letter to Keystone dated August 31, 2012, which speaks for itself.  Keystone denies North River's characterization of the letter.  Keystone is without information sufficient to admit or deny the remaining allegations asserted in Paragraph 83 of the Complaint and, therefore, preliminarily denies the same.

84.     It is admitted that North River sent a letter to Keystone dated August 31, 2012, which speaks for itself.  Keystone denies North River's characterization of the letter.  Keystone is without information sufficient to admit or deny the remaining allegations asserted in Paragraph 84 of the Complaint and, therefore, preliminarily denies the same.

85.    Denied.

86.    It is admitted that North River's counsel sent a letter to Keystone's counsel dated November 30, 2012, which speaks for itself.

87.    Denied.

88.    Keystone is without information sufficient to admit or deny the allegations asserted in Paragraph 88 of the Complaint and, therefore, preliminarily denies the same.

89.    Denied.

90.    It is admitted that O&G and Everest entered into the agreement referenced.  Keystone asserts that the referenced document speaks for itself and denies any interpretation of the same that is inconsistent with the interpretation of a court of competent jurisdiction.

91.    Denied.

92.    Keystone is without information sufficient to admit or deny the allegations asserted in Paragraph 92 of the Complaint and, therefore, preliminarily denies the same.

93.     Keystone is without information sufficient to admit or deny the allegations asserted in Paragraph 93 of the Complaint and, therefore, preliminarily denies the same.

94.     Denied.

95.     It is admitted that O&G provided North River with a copy of the June 4, 2012 Settlement Agreement under seal.

96.     The June 4, 2012 Settlement Agreement speaks for itself and Keystone and denies any interpretation of the same that is inconsistent with the interpretation of a court of competent jurisdiction.

97.     The June 4, 2012 Settlement Agreement speaks for itself and Keystone and denies any interpretation of the same that is inconsistent with the interpretation of a court of competent jurisdiction.

98.     The June 4, 2012 Settlement Agreement speaks for itself and Keystone and denies any interpretation of the same that is inconsistent with the interpretation of a court of competent jurisdiction.

99.     The June 4, 2012 Settlement Agreement speaks for itself and Keystone and denies any interpretation of the same that is inconsistent with the interpretation of a court of competent jurisdiction.

100.   The June 4, 2012 Settlement Agreement speaks for itself and Keystone and denies any interpretation of the same that is inconsistent with the interpretation of a court of competent jurisdiction.

101.   The June 4, 2012 Settlement Agreement speaks for itself and Keystone and denies any interpretation of the same that is inconsistent with the interpretation of a court of competent jurisdiction.

102.   Admitted.

103.   Denied.

104.   Keystone is without information sufficient to admit or deny the allegations asserted in Paragraph 104 of the Complaint and, therefore, preliminarily denies the same.

105.   Denied.

106.   It is admitted that Keystone has made demand of North River to indemnify Keystone from claims.

107.   Keystone is without information sufficient to admit or deny the allegations asserted in Paragraph 107 as it pertains to what North River asserts.  By way of further response, the referenced policy speaks for itself and Keystone denies any interpretation of the same that is inconsistent with the interpretation of a court of

competent jurisdiction.  Keystone denies that it has breached the covenant of good faith and fair dealing or CUTPA as asserted by North River.

      108.   Denied.

      109.   Denied.

      110.   Denied.

      111.   Denied.

      112.   Denied.

      113.   Denied.

      114.   Denied.

### COUNT ONE

      115.   Keystone incorporates herein by reference the responses to the allegations contained in Paragraphs 1 through 114 as if fully stated in response to Count One of the Complaint.

      116.   The terms of the referenced policy speak for themselves and Keystone denies any interpretation of the same that is inconsistent with the interpretation of a court of competent jurisdiction.

      117.   Keystone denies Paragraphs 117 and subparts a-h.

      118.   Denied.

119.   Denied.

120.   Denied.

121.   Denied.

122.   Denied.

123.   Denied.

## COUNT TWO

124.    Keystone incorporates herein by reference the responses to the allegations contained in Paragraphs 1 through 123 as if fully stated in response to Count Two of the Complaint.

125.   The terms of the referenced policy speak for themselves and Keystone denies any interpretation of the same that is inconsistent with the interpretation of a court of competent jurisdiction.

126.   Keystone denies Paragraphs 126 and subparts a-h.

## COUNT THREE

The Court dismissed Count Three on October 7, 2014 in response to Keystone's Motion to Dismiss.  To the extent a response is required to paragraphs 127-130, for the purpose of responding to the other Counts of the Complaint, they should be deemed denied.

127.    Keystone incorporates herein by reference the responses to the allegations contained in Paragraphs 1 through 126 as if fully stated.

128.    Denied.

129.    Denied.

130.    Denied.

131.    Denied.

## COUNT FOUR

132.    Keystone incorporates herein by reference the responses to the allegations contained in Paragraphs 1 through 131 as if fully stated herein in response to Count Four.

133.    The allegations of Paragraph 133 state a legal conclusion to which no response is required.

134.    Denied.

135.    Denied.

136.    Denied.

## COUNT FIVE

The Court dismissed Count Five on October 7, 2014 in response to Keystone's Motion to Dismiss.  To the extent a response is required to paragraphs

contained therein, for the purpose of responding to the other Counts of the Complaint, they should be deemed denied.

**AFFIRMATIVE DEFENSES**

As Affirmative Defenses, Keystone asserts:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim, in whole or in part, upon which relief may be granted against Keystone.

## SECOND AFFIRMATIVE DEFENSE

North River has suffered no damages.

## THIRD AFFIRMATIVE DEFENSE

North River's claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

## FOURTH AFFIRMATIVE DEFENSE

To the extent the Complaint does not describe events or claims therein alleged with sufficient particularity to enable Keystone to determine what additional defense may exist in this action as to such events or claims, Keystone provisionally pleads all defenses available under the Federal Rules of Civil Procedure and further reserves the right to amend this Answer, to assert additional affirmative defenses,

and to supplement, alter or change this Answer and these defenses upon revelation

of more definitive facts and/or upon discover and investigation in this matter.

Respectfully submitted this 21st day of October, 2014.

DEFENDANT. KEYSTONE
CONSTRUCTION AND MAINTENANCE
SERVICES, INC.


By:/s/ Jared Cohane     ct24264_____
Jared Cohane (ct24264)
Hinckley Allen & Snyder LLP
20 Church Street
Hartford, CT   06103
Phone:  (860) 331-2724
Fax:  (860) 278-3802
E-mail:  jcohane@hinckleyallen.com

## CERTIFICATION

I hereby certify that on October 21, 2014, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to any counsel or self-represented party unable to accept electronic filing, as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

/s/   *Jared Cohane*          ct24264          /
      Jared Cohane