UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NORTH RIVER INSURANCE COMPANY,
    *Plaintiff*,

v.

O&G INDUSTRIES, INC. *et al*.,
    *Defendants*.

No. 3:13-cv-00589 (JAM)

### RULING ON MOTIONS TO QUASH OR MODIFY SUBPOENAS

Before the Court are four discovery motions filed by two non-parties who seek to quash or limit discovery sought by intervenors and plaintiff North River Insurance Company. For the reasons explained below, I will grant in part and deny in part each of the motions.

#### BACKGROUND

This insurance coverage case arises from the tragic explosion in 2010 at the Kleen Energy plant in Middletown, Connecticut. Plaintiff North River Insurance Company (North River) filed this action against defendant Keystone Construction and Maintenance Services, Inc. (Keystone), contending that Keystone breached the terms of its insurance policy with North River such that North River no longer has obligations to Keystone under the policy. Several dozen victims of the explosion subsequently intervened in the case as third-party defendants, and they in turn have alleged counterclaims against North River, contending that North River breached its insurance contract with Keystone and acted in bad faith. *See N. River Ins. Co. v. O&G Indus., Inc.*, 315 F.R.D. 1, 3 (D. Conn. 2016) (summarizing claims).

In July 2016, intervenors served subpoenas on ACE American Insurance Company (ACE) and Everest National Insurance Company (Everest) to require that they produce certain documents and a corporate representative for purposes of a Rule 30(b)(6) deposition. Neither of

1

these companies is a party to this action, but they are related to this action because of their roles as Keystone's primary insurer and first-layer excess insurer, respectively, at the time of the explosion.

The subpoenas originally and overbroadly sought discovery related to 27 different "areas of inquiry." *See* Docs. #243 at 8–10, #272-1 at 4–6. Many of these areas duplicated past discovery requests served on ACE and Everest by Keystone. After conferring with ACE and Everest, intervenors narrowed the scope of their requests to 11 areas of inquiry. *See* Doc. #274-1 at 2–3. ACE and Everest nevertheless filed motions to quash the intervenors' subpoenas, each arguing that intervenors' subpoena subjects it to undue burden and seeks privileged or otherwise improper information. *See* Docs. #243, #272-1. ACE specifically argues that an in-person deposition will be unduly burdensome, and that an affidavit in lieu of a live deposition would be more appropriate. Doc. #272-1 at 10–11.

In August 2016, North River served Everest and ACE with subpoenas similar to the subpoenas served on Everest and ACE by intervenors. Everest and ACE likewise filed motions to quash North River's subpoenas. Docs. #271, #289. North River clarified in its briefing and at a motion hearing before me that, despite the breadth of its original subpoenas, North River seeks only to participate in the intervenors' depositions of ACE and Everest, in the event that the Court permits those depositions to take place. *See* Docs. #286, #292.

On October 24, 2016, the Court heard oral argument on the four pending motions: Everest's motion to quash or modify the subpoena of intervenors (Doc. #242); Everest's motion to quash the third subpoena of North River (Doc. #270); ACE's motion to quash or modify the subpoena of intervenors and/or for a protective order (Doc. #272); and ACE's motion to quash or modify the subpoena of North River and/or for a protective order (Doc. #289).

**DISCUSSION**

Under Federal Rule of Civil Procedure 45, the Court is required to quash or modify a subpoena if the subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies," or if the subpoena "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). In addition, under Rule 26, the Court has the authority to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). When determining whether a subpoena imposes an undue burden, the Court should consider "such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Travelers Indem. Co. v. Metro. Life Ins. Co.*, 228 F.R.D. 111, 113 (D. Conn. 2005). Further, courts "give special weight to the burden on non-parties of producing documents to parties involved in litigation." *Id.* The movant bears the burden of persuasion in a motion to quash a subpoena. *Id.* Ultimately, determining whether a subpoena imposes an undue burden is a decision entrusted to "the sound discretion of the trial court." *Id*.

I have considered the parties' briefs and arguments in relation to the above factors, including ACE's and Everest's status as non-parties. On balance, I find that ACE and Everest will not be unduly burdened by live depositions that are limited in scope. A live deposition will best generate evidence that may be used at trial, as indicated by counsel at oral argument.

Accordingly, I will permit intervenors to conduct live depositions of representatives from ACE and Everest. The depositions will be limited to the narrowed areas of inquiry identified by intervenors, *see* Doc. #274-1 at 2 (as to ACE), 3 (as to Everest), further narrowed to exclude areas #1 and #9. As to area of inquiry #1, counsel for ACE and Everest explained at the hearing

that the insurance adjusters who handled the relevant liability determination are no longer employees of ACE and Everest; therefore, ACE and Everest will not be required to provide these adjusters for deposition. As to area of inquiry #9, I find that Keystone's financial condition after the explosion is not relevant and should not be included. Additionally, I will enforce the intervenors' subpoena with respect to the documents requested from ACE that relate to the subject matter areas to be covered by the deposition, but only to the extent that these documents are non-privileged. A copy of these same documents shall also be furnished to North River.

The depositions of ACE and Everest shall each last for a total of no more than four hours. For each deposition, counsel for intervenors and Keystone (should Keystone choose to participate in these depositions) will be limited to a combined two hours, and North River will then be permitted up to two hours to conduct its questioning. Questions shall be limited to the narrowed subject matter areas as described above, and no deponent shall be required to testify about a matter that is subject to a proper claim of privilege.

## CONCLUSION

For the foregoing reasons, ACE's and Everest's motions to quash or modify subpoenas (Docs. #242, #270, #272, #288) are granted in part and denied in part. Unless the parties mutually agree to different dates, the parties are ordered to conduct discovery, subject to the limitations discussed in this ruling, according to the following schedule: ACE shall produce documents responsive to intervenors' subpoena as described above by November 28, 2016. The deposition of Everest's representative shall take place by December 5, 2016. The deposition of ACE's representative shall take place by December 19, 2016.

It is so ordered.

Dated at New Haven this 7th day of November, 2016.

                                                  /s/*Jeffrey Alker Meyer*
                                                  Jeffrey Alker Meyer
                                                  United States District Judge